UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONNECTICUT INDEPENDENT UTILITY WORKERS, LOCAL 12924, et al., | : : : : | |
| Plaintiffs, | : : | NO. 05CV1553 (MRK) |
| v. | : : | |
| CONNECTICUT NATURAL GAS, INC. et al., | : : : | |
| Defendants. | : | |

## RULING AND ORDER

In this case, beneficiaries of the Connecticut Natural Gas Retirement Plan ("the Retirement Plan" or "the Plan") and the union that represents them allege that Defendants improperly amended the Plan in 2003 and 2004 to alter benefits. They maintain that any changes to the Plan must be approved by the Retirement Committee, made up of three union-appointed and three company-appointed members, and that the Retirement Committee never voted on the amendments. Defendants have moved to dismiss, arguing that the Plan gives them authority unilaterally to alter benefits.

When deciding a motion to dismiss, the Court considers the complaint's well-pleaded factual allegations, *see Gilhooly v. Armstrong*, 3 CV 1798, 2006 WL 322473, at *1 (D. Conn. Feb. 9, 2006), as well as documents attached to the complaint and incorporated by reference, *see Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir.2000). "[T]he issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." *Twombly v. Bell Atlantic Corp.*, 425 F.3d 99, 106 (2d Cir. 2005).

Defendants argue that the Retirement Plan gives Defendant Connecticut Natural Gas ("CNG") unlimited authority to amend the Plan because it provides that CNG "reserves the right at any time to reduce or discontinue its contributions to the Fund and to amend, modify or partially or wholly terminate the Plan at any time." Affidavit of James S. Gleason, Esq. [doc. #12] Ex. B at 52-53 (Connecticut Natural Gas Corporation Retirement Plan, Amended and Restated as of January 1, 2000) at 61. Plaintiffs counter that when the Plan is read in conjunction with the parties' collective bargaining agreement ("CBA"), which says that the Plan is "subject to such modifications as may be mutually agreed upon by the parties hereto," Verified Compl.[doc. #1] ¶ 18, CNG's right to unilaterally amend is less than clear. Courts have held that in some cases, it is appropriate for a court to look at a CBA when determining a plan-provider's obligations under ERISA. *See, e.g.*, *Bozetarnik v. Mahland*, 195 F.3d 77, 81 (2d Cir. 1999) (finding it appropriate to "examine the collective bargaining agreement and the pension plan" where, "[a]lthough the collective bargaining agreement does not specifically incorporate the pension plan by reference, it refers to" the pension fund, and "[t]he parties and the district court all read the collective bargaining agreement and the pension plan together as 'a whole'"); *Wilson v. Moog Auto., Inc. Pension Plan & Trust for U.A.W. Employees*, 193 F.3d 1004, 1008 (8th Cir. 1999) (noting that ERISA's goals of putting "participants . . . on notice of the benefits to which they are entitled and their own obligations under the plan," and of "provid[ing] guidelines, that likewise are known to the participants, for the plan administrator as he makes coverage decisions," "are not thwarted by counting the [collective bargaining] Agreement among the plan documents to be consulted in administering the Company's Pension Plan"); *id.* ("The

Closing Agreement is itself a written instrument, a collectively bargained agreement reduced to writing and incorporated, in some fashion, into the formal written ERISA plan provided to employees." (internal quotation marks omitted)); *Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers, AFL-CIO v. Murata Erie N. Am., Inc.*, 980 F.2d 889, 902-04 (3d Cir. 1992) (deciding, under ERISA, whether a collective bargaining agreement allowed the company unilaterally to amend the retirement plan); *id.* at 894 (explaining that "the collective bargaining agreement . . . is considered part of the Plan documents under ERISA"); *Shea v. Wells Fargo Armored Serv. Corp.*, 810 F.2d 372 (2d Cir. 1987) (deciding whether sick leave and vacation benefits promised in the CBA were protected by ERISA); *Angott v. Owens-Illinois Hourly Ret. Plan*, 780 F. Supp. 298, 304 (W.D. Pa. 1991) ("consider[ing] the relevant provisions of the collective bargaining agreements as if they were set forth in 'Plan documents'" for purposes of ERISA because, "[a]lthough there is no clear indication in the Plan itself that its provisions should be deemed to include relevant sections of collective bargaining agreements . . . , the Plan does provide that any termination or amendment would be subject to the terms of any collective bargaining agreement, [and] the Employee Benefits Committee . . . when it denied the claims of the plaintiffs . . . interpreted the Plan provisions as if they included the terms . . . of the collective bargaining agreements").

If the Court does find that CNG's rights and obligations under the relevant documents are ambiguous, the parties will be permitted to submit extrinsic evidence to guide the Court's interpretation. *See Devlin v. Empire Blue Cross and Blue Shield*, 274 F.3d 76, 90 (2d Cir. 2001) (vacating and remanding the district court's grant of summary judgment to allow the presentation of extrinsic evidence to clarify the ambiguous terms of an ERISA welfare plan). Plaintiffs seek to

amend their complaint to allege that the course of dealing between the parties undercuts CNG's claim of a unilateral right to amend the Plan.  Without in any way expressing any final view on the merits of the parties' positions,  the Court concludes that at this very early stage of this litigation, the wisest course is to allow Plaintiffs to amend their complaint and then to allow the parties to compile a complete record for the Court's consideration of the issues presented.  With a more well-developed record before it, the Court will be in a better position to resolve all claims, whether upon cross motions for summary judgment, upon a stipulated record, or by some other procedure.

Therefore, the Court DENIES Defendants' 12(B)(6) Motion to Dismiss without prejudice to renewal of Defendants' arguments at the summary judgment stage.  **No later than June 28, 2006**, Plaintiffs shall file an amended complaint.  **No later than July 15, 2006**, the parties shall submit a joint proposal (or failing agreement, separate proposals) for a schedule for development of the record and resolution of the issues presented.

                                                                      IT IS SO ORDERED,


                                /s/ _____Mark R. Kravitz_____
                                      United States District Judge

**Dated at New Haven, Connecticut: June 7, 2006.**